In re Dennis L. NELSON and Jeanne A. Nelson, Debtors.

Gary V. SKIBA, Trustee, Plaintiff,

v.

Dennis L. NELSON, Jeanne A. Nelson, Mary Jo Nelson and the First National Bank of Pennsylvania, Defendants.

Bankruptcy No. 90–00816E.
Adv. No. 91–0031.

United States Bankruptcy Court, W.D. Pennsylvania.

July 24, 1991.

Gary V. Skiba, Erie, Pa., trustee and pro se.

Susan Fuhrer Reiter, Erie, Pa., for First Nat. Bank of Pennsylvania.

Jack E. Grayer, Erie, Pa., for debtors.

W. Gustave McGeorge, Erie, Pa., for Mary Jo Nelson.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Facts

Dennis L. Nelson and his current wife, Jeanne A. Nelson (the "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 5, 1990. Mary Jo Nelson is Dennis L. Nelson's former wife who was divorced from Dennis L. Nelson on August 18, 1980. Prior to their divorce, Dennis and Mary Jo Nelson were owners by the entireties of a residence located at 7262 Rupert Drive (formerly known as 140 Rupert Drive), Fairview, Pennsylvania (the "Property").

Dennis and Mary Jo Nelson entered into a separation agreement ("Separation Agreement") dated January 8, 1980 which provides at Paragraph 11:

The wife [Mary Jo Nelson] shall be permitted the full, free and exclusive possession of the home, commonly known as 140 Rupert Drive, Fairview, Erie County, Pennsylvania. The husband [Dennis L. Nelson] does not abandon or relinquish any right, claim or interest of ownership hereby, but does renounce any claim of rental, direct or indirect, to be placed upon the wife for such exclusive possession. Upon a sale of the home unto any third person or persons, the husband and wife shall divide the net proceeds thereof, share and share alike on an equal basis.

In schedules filed with their bankruptcy petition, the Debtors list the value of the Property as $45,000. The Debtors state that this value is based on their belief and not on an appraisal. Mary Jo asserts that the Property is worth less. The Property is encumbered by a first mortgage with a balance of $15,204 in favor of the First National Bank of Pennsylvania. The Debtors claim an exemption in the Property under 11 U.S.C. § 522(d)(5) for $3,750 and indicate that they will amend the amount of the exemption to $7,500. The Trustee asserts that it is the best interest of the bankruptcy estate to sell the Property free and clear of Mary Jo's co-ownership interest and seeks an order authorizing the sale. The Trustee contemplates paying Mary Jo 50% of the net proceeds after payment of the first mortgage and the expenses of sale and keeping the remainder for the estate less the Debtors' homestead exemption. The Debtors and Mary Jo oppose the contemplated sale.

### Issue

Whether the benefit to the Debtors' bankruptcy estate from a sale of the Property free of the co-owner's interest outweighs the detriment, if any, to the co-owner as required by § 363(h)(3) of the Bankruptcy Code.

### Discussion

Section 363(h) of the Bankruptcy Code permits a Trustee to sell both the Debtors' interests and the interest of a co-owner in property only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

We need address only the condition set forth in § 363(h)(3). To determine whether the benefit to the estate from a sale of the Property free of Mary Jo's interests outweighs the detriment to Mary Jo, we must first determine the respective interests of

the Debtors and Mary Jo. This requires an interpretation of paragraph 11 of the Separation Agreement.

The Trustee asserts that the Separation Agreement talks about and contemplates a sale of the Property with the Debtors to receive one-half of the proceeds. The Separation Agreement does provide that "upon a sale of the home...the husband and wife shall divide the net proceeds." However, the Separation Agreement further provides that "[t]he wife shall be permitted the full, free and exclusive possession of the home." Thus, the wife (Mary Jo) has exclusive possession of the home and only she can initiate a sale of the Property. The Debtors' interest in the Property is limited to 50% of the net proceeds from a sale of the Property at some future date; a date determined solely by Mary Jo. Mary Jo has an undivided one-half interest in the Property and occupancy rights to 100% of the Property for the duration of her life. The Debtors have no more than a remainder interest in 50% of the Property following the life estate vested in Mary Jo.

It is a mistaken premise that Mary Jo is entitled to only 50% of the proceeds from a sale of the Property. Distribution of the proceeds must be made in accordance with the interests of the co-owners. 11 U.S.C. § 363(j). From the proceeds of sale, Mary Jo is entitled to receive 50% for her undivided one-half interest, plus an additional amount for the value of her occupancy right to the other half.

The value of the Debtors' remainder interest inuring to the benefit of the estate after payment of the first mortgage, costs of sale, the Debtors' homestead exemption and payment to Mary Jo for her undivided one-half interest and payment for her occupancy rights to the other half would, at most, be minimal. Such a minimal benefit, if any, does not outweigh the resulting emotional and financial detriment caused by uprooting Mary Jo and her two children from their long-term family home. Since we determine that the Trustee cannot meet his burden under § 363(h)(3), we do not address other issues raised by the Debtors and Mary Jo. The Trustee's Complaint will be dismissed. An appropriate Order will be entered.